IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ELI HUFF II, <br> BOP #66671-079, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> CIVIL ACTION NO. H-12-3785 <br> (CRIMINAL NUMBER H-02-742) |

## MEMORANDUM OPINION AND ORDER

Petitioner, James Eli Huff II, has filed Movant's 'Second in Time' Motion for Relief Under 28 U.S.C. § 2255 ("Huff's Second Motion for Relief") seeking to vacate, set aside or correct the sentence that he received in United States v. Huff, Criminal No. H-02-742 (S.D. Tex.). (Docket Entry No. 70 in Criminal No. H-02-742)[1] The United States moves to dismiss Huff's motion on the grounds that he failed to obtain authorization to file a second motion for relief as required under 28 U.S.C. § 2255(h). (United States' Answer to James Eli Huff's Motion Under 28 U.S.C. § 2255, Motion to Dismiss, Motion for Summary Judgment, and Brief ("Motion to Dismiss"), Docket Entry No. 77)  Huff has filed Movant's Reply to United States' Answer to Second In Time 28 U.S.C.

---

[1] Unless otherwise stated, all docket entry references are to Criminal No. H-02-742.

§ 2255 (Docket Entry No. 79), and the United States has filed a Supplemental Response to James Eli Huff's Motion Under 28 U.S.C. § 2255 ("Government's Supplemental Response") (Docket Entry No. 80). After reviewing the parties' arguments and the governing legal authorities, the court concludes that the government's Motion to Dismiss should be granted for the reasons explained below.

## I.  Background

The background and procedural history of the underlying criminal conviction and sentencing has been set forth at length in the Presentence Report, the published opinion on Huff's direct appeal, and in this court's previous order denying his first motion for relief under 28 U.S.C. § 2255. What follows is a summary of the procedural history of this case as it relates to Huff's second motion under § 2255.

On December 20, 2002, Huff was charged by criminal information with unlawful possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). That same day the government gave notice of its intent to seek enhanced punishment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because Huff had three prior convictions for crimes of violence or serious drug offenses. In particular, Huff had two Texas convictions for burglary of a habitation in 1982 and 1987. He also had a prior federal conviction for possession with intent to distribute and distribution of marijuana in December of 1995.

Huff waived a formal indictment and entered a guilty plea to the criminal information on January 31, 2003. At the sentencing hearing on May 16, 2003, the court found that Huff had three prior convictions -- two for violent felonies and one for a serious drug offense -- and that his sentence was subject to enhancement under the ACCA, 18 U.S.C. § 924(e), which imposes a mandatory minimum sentence of 15 years' imprisonment on anyone who violates § 922(g)(1) and has three prior convictions for a violent felony or a serious drug offense. Pursuant to § 924(e), the court sentenced Huff to serve a 180-month term of imprisonment, followed by five years of supervised release.[2]

On direct appeal Huff argued primarily that his sentence was improperly enhanced under the ACCA because two of the three predicate convictions relied on to invoke § 924(e) -- his two Texas convictions for burglary of a habitation -- were excluded from consideration by the last sentence of § 921(a)(20), which provides:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

At sentencing Huff argued that he received a "discharge certificate" upon completing the sentences that he received for his

---

[2] The court also revoked Huff's supervised release in a previous case (Criminal No. H-01-869) and sentenced him to 24 months of imprisonment. The sentence imposed in that case is not at issue here.

burglary convictions and that this certificate restored his civil right to possess firearms for purposes of § 921(a)(20). He did not provide a copy of that discharge certificate,[3] however, and the Fifth Circuit held that he had not shown that his civil rights were restored under Texas law. Upholding Huff's enhanced sentence under the ACCA, the Fifth Circuit held that Huff's 1982 and 1987 Texas convictions were not excluded under § 921(a)(20) and were properly counted for purposes of § 924(e). United States v. Huff, 370 F.3d 454, 462 (5th Cir. 2004).

On September 12, 2005, Huff filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Huff v. United States, Civil No. H-05-3177 (S.D. Tex.). In that motion Huff challenged the validity of his guilty plea and sentence. He also argued that he was denied effective assistance of counsel in connection with his plea and sentencing because his defense attorney failed to investigate and object to including Huff's prior burglary convictions as prior violent felonies for purposes of the enhancement found in § 924(e). In a 34-page Memorandum Opinion and Order the court found that all of Huff's claims lacked merit and

---

[3]Huff stated that he was not able to obtain a copy of the certificate of discharge that issued when he completed his sentences in April of 1994. Instead, he presented a letter from the Texas Department of Criminal Justice, dated May 9, 2003, explaining that "[t]he original microfilm records cannot be located to reproduce a copy of the actual discharge certificate." The letter was attached to Huff's Supplement to Defendant's Objections to Presentence Report (Docket Entry No. 20) as Exhibit One. Huff also attached the letter as Exhibit B to his pending petition (Huff's Second Motion for Relief, Docket Entry No. 70, p. 32).

denied relief. (Docket Entry No. 44) The Fifth Circuit summarily denied a certificate of appealability from that decision. See United States v. Huff, No. 06-20266 (5th Cir. May 30, 2007).

In his Second Motion for Relief Huff again challenges his enhanced sentence under § 924(e), arguing that his prior burglary convictions are excluded by § 924(a)(20). Still unable to provide a discharge certificate establishing that his civil rights were restored, Huff nevertheless contends that he has "newly discovered evidence" showing that the government possessed documentary evidence proving that he received a "Clemency Discharge" from his prior burglary convictions, which allegedly restored his right to keep and bear arms. As evidence Huff submits what he contends is a computer printout from the Federal Bureau of Investigation that he obtained through a Freedom of Information Act ("FOIA") request. (Huff's Second Motion for Relief, Docket Entry No. 70, Exhibit A, pp. 30-31) The printout, which refers to Huff's Texas burglary conviction, contains the following notation near the bottom of the second page: "Status Descriptor: Clemency Discharge." (Id. at 31.) Pointing to this language Huff argues that his enhanced sentence under the ACCA is invalid because it is based on erroneous information. (Huff's Second Motion for Relief, Docket Entry No. 70, p. 4) Arguing that the government was in possession of the computer printout at the time of his sentencing, Huff contends that the government withheld exculpatory evidence of his Clemency Discharge in violation of Brady v. Maryland, 83 S. Ct. 1194 (1963).

-5-

(Id.) Reasoning that his sentence was enhanced improperly, Huff contends that relief should be granted to prevent manifest injustice. (Id.)

The government has filed a Motion to Dismiss, which includes an alternative motion for summary judgment (Docket Entry No. 77) and a Supplemental Response to Huff's motion (Docket Entry No. 80). The government argues that Huff's motion should be dismissed for lack of jurisdiction as a "second or successive" motion under 28 U.S.C. § 2255 that was filed without authorization from the Fifth Circuit. (Id. at 9-13.) Alternatively, the government argues that the issue of whether Huff's civil rights were restored by operation of Texas law is barred from habeas review and that the government is entitled to summary judgment because Huff litigated and lost on this issue previously on direct appeal. (Id. at 13-14.)

## II. Analysis

To the extent that Huff attempts to raise claims that have been or could have been presented previously, his pending § 2255 motion is a "second or successive" application for relief that is proscribed by a gatekeeping provision found in the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified at 28 U.S.C. § 2255(h). See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (holding that an application is "second or successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised

-6-

in an earlier petition; or (2) otherwise constitutes an abuse of the writ"). Under the AEDPA a second or successive motion under § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The language of § 2255(h) provides that this court cannot entertain a second or successive motion unless a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of such a motion. "Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

Huff argues that his motion should not be considered second or successive, and he should not be required to seek preauthorization, because his motion is based on newly discovered evidence of a Brady violation that did not become "ripe" until 2012. The court is not persuaded by Huff's argument. Most courts have held that second-in-time Brady claims are subject to the AEDPA gatekeeping

provisions. See Evans v. Smith, 220 F.3d 306, 324 (4th Cir. 2000); Tompkins v. Secretary, Dep't of Corrections, 557 F.3d 1257, 1260 (11th Cir. 2009) (per curiam); In re Siggers, 615 F.3d 477, 479 (6th Cir. 2010); Quezada v. Smith, 624 F.3d 514, 520-22 (2d Cir. 2010); see also Johnson v. Dretke, 442 F.3d 901, 911 (5th Cir. 2006) (applying the AEDPA's gatekeeping provisions to a second-in-time Brady claim in the state habeas context); In re Coleman, 344 F. App'x 913, 2009 WL 2957743 (Sept. 16, 2009) (per curiam) (same). Some courts have held that only those second-in-time Brady claims that fail to establish the requisite element of materiality are subject to preauthorization under the AEDPA.[4] See United States v. Lopez, 577 F.3d 1053, 1066 (9th Cir. 2009) (holding that Brady claims that fail to establish materiality (and therefore lack merit) are subject to the AEDPA's gatekeeping provisions); Crawford v. Minnesota, 698 F.3d 1086, 1090 (8th Cir. 2012) (holding that a non-material Brady claim was subject to the requirement of preauthorization for a second or successive habeas petition).

Huff offers no compelling reason why the AEDPA gatekeeping provisions should not apply to a case such as this one, where his

---

[4] To establish a Brady violation a defendant must prove that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant because it was either exculpatory or impeaching; and (3) the evidence was material. See United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (citations omitted). Evidence is material under Brady when there is a "reasonable probability" that the outcome of the trial would have been different if the suppressed evidence would have been disclosed to the defendant. See United States v. Moore, 452 F.3d 382, 387-88 (5th Cir. 2006).

primary argument -- the validity of his sentence under the ACCA -- has already been litigated extensively. The "clemency discharge" language in the computer printout on which Huff relies relates to his 1982 and 1987 burglary convictions. The printout states that Huff was paroled on April 1, 1988. This is the same information stated in Huff's March 18, 2003, Presentence Investigation Report (Docket Entry No. 15, ¶¶ 35 & 37). In response to Huff's objection to the applicability of section 924(e), the probation officer prepared an Addendum to the Presentence Report, which stated:

> The defendant objected to Paragraph 27, in that two of the three prior offenses used to determine his armed career offender status are two state cases which he contends are vacated through restoration of his civil rights provided via his parole certificate rendered upon completion of his parole term. Should the Court agree with the defendant's assessment, then the defendant contends the total offense level as stated at Paragraph 29, is incorrect.
>
> **Response:** The parole certificate provided to all Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) inmates is exactly the same with the exception of special conditions attached in accordance with the individual inmates needs assessment. This officer confirmed via communication with TDCJ-ID personnel. The defendant has not received a pardon from the Governor of the State of Texas; therefore, his convictions are viable offenses for application of an enhanced sentence under provisions set forth [in] 18 U.S.C. § 924(e), rendering him an armed career offender. Additionally, the probation officer has a copy of the defendant's parole certificate should the Court desire to peruse the instrument.

This case therefore does not present an issue that did not become ripe until after Huff's first § 2255 motion was decided. Cf. Panetti v. Quarterman, 127 S. Ct. 2842 (2007) (holding that a

habeas petitioner's previously unavailable claim that he was incompetent to be executed under Ford v. Wainwright, 106 S. Ct. 2595 (1986), was not barred as a second or successive petition); Leal Garcia v. Quarterman, 573 F.3d 214 (5th Cir. 2009) (holding that a petition for relief based on an intervening Supreme Court decision was not second or successive). Nor does this case appear to present a meritorious Brady claim that would justify allowing Huff to file a successive section 2255 motion without a certification from a panel of the Fifth Circuit.[5] Because Huff's pending motion is second or successive and he does not otherwise establish that his newly discovered evidence is material for purposes of a Brady claim, the court will grant the government's Motion to Dismiss without reaching its alternative argument for summary judgment.

### III. Certificate of Appealability

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

---

[5] As the government notes, the unauthenticated computer printout on which Huff relies neither constitutes admissible evidence nor qualifies as proof that Huff's civil rights were restored for purposes of 18 U.S.C. § 921(a)(20). The government has submitted a Supplemental Response with an affidavit from the Texas Board of Pardons and Paroles verifying that there are no records showing that Huff was ever granted a pardon or that his civil rights were ever restored. (Government's Supplemental Response, Docket Entry No. 80) Thus, whatever the source of the printout on which Huff relies, it does not support his arguments. There is no evidence that Huff ever applied for or received a pardon or that his civil rights were ever restored. See TEX. CODE CRIM. PROC. art. 48.01; 37 TEX. ADMIN. CODE § 143.1. Under these circumstances, Huff fails to establish that the computer printout is material or that his Brady claim is meritorious.

No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals[.]'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. 1039. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 U.S. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons outlined previously, the court concludes that jurists of reason would not debate whether the motion was second or successive, requiring preauthorization, or whether the procedural ruling in this case was correct. Therefore, a certificate of appealability will not issue.

## IV.  Conclusion and Order

Accordingly, it is **ORDERED** that

1. The United States' Motion to Dismiss (Docket Entry No. 77) is **GRANTED**.

2. Movant's 'Second in Time' Motion for Relief Under 28 U.S.C. § 2255 filed by James Eli Huff II (Docket Entry No. 70) is **DISMISSED without prejudice** as an unauthorized second or successive application.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 8th day of September, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE
